IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MILTON MINTER,

    Movant.

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION FILE
No. 1:18-cv-1440-TCB

CRIMINAL ACTION FILE
No. 1:15-cr-82-TCB-6

# O R D E R

This case comes before the Court on Magistrate Judge Linda T.

Walker's Final Report and Recommendation (the "R&R") [681], which

recommends denying Movant Milton Minter's motion [656] to vacate

under 28 U.S.C. § 2255. Minter has filed objections [692] in response to

the R&R.

## I.    Legal Standard on Review of a Magistrate Judge's R&R

A district judge has broad discretion to accept, reject, or modify a

magistrate judge's proposed findings and recommendations. *United

States v. Raddatz*, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C.

§ 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard.

## II.  Minter's Objections to the R&R

In the R&R, Judge Walker recommends denying Minter's § 2255 motion because he has failed to demonstrate that his rights were violated in connection with this Court's imposition of his sentence.

In his objections, Minter first complains that Judge Walker wholly ignored his Ground IV wherein Minter complains that his trial counsel was ineffective for not objecting to this Court's guidelines calculation based on the use of loss-amount funds that were outside the time frame and scope of the indictment. However, from a review of the R&R and the sentencing hearing transcript, it is clear that this Court took great care in attributing to Minter only loss amounts (1) that occurred within the fifteen-month period during which Minter participated in the criminal scheme, and (2) for which Minter could be held directly responsible. While Judge Walker may not have directly addressed Minter's Ground IV, it is obvious that Minter is entitled to no relief on that claim.

In the remainder of his objections, Minter merely quibbles with Judge Walker's findings and conclusions, raising counter-arguments that fail to demonstrate that Judge Walker erred. All of the arguments that Minter raises are squarely addressed in the R&R.

The Court adopts as its order the R&R [681]. Minter's motion [656] to vacate is denied and a certificate of appealability is denied. The Clerk is directed to close the civil action.

IT IS SO ORDERED this 11th day of October, 2018.

Timothy C. Batten, Sr.
United States District Judge